UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHONDA SHROPSHIRE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:19-cv-02408-TWP-MPB |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Shonda Shropshire's petition for a writ of habeas corpus challenges her conviction in prison disciplinary case RIC 19-02-0347. For the reasons explained in this Order, Ms. Shropshire's petition is **granted**.

### I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

On February 16, 2019, Lieutenant Kristy Cobb wrote the following conduct report:

> On 2/16/19 at approx. 7:05 AM, I, Lt. K. Cobb observed Offender Shropshire, Shonda 260268 kissing Offender Rigley, Teri 264346 on the mouth in front of the west chow hall.

Dkt. 8-1. Based on this conduct report, Ms. Shropshire was charged with attempting to engage in sexual conduct. Dkt. 8-2.

RIC 19-02-0347 proceeded to a hearing on March 7, 2019. Dkt. 8-4. Evidence of the incident was limited to Lieutenant Cobb's conduct report, two statements from other inmates, and Ms. Shropshire's own statement in her defense. According to the hearing report, Ms. Shropshire stated:

> I wasn't in the relationship Lt. Cobb said she seen. We were instead arguing and having words with each other. We were not touching or kissing as she said we were.

*Id.* Inmate Brent stated:

> On the morning of 2-16-19 I observed offender #260268 having a disagreement with another offender. While being engaged in the argument Mrs. Cobb came out stating that she caught the offenders kissing. This is untrue. Being that it was still dark for this time of morning, she assumed that was what was taking place.

Dkt. 8-5. And Inmate Laura Provisor stated:

> As I was leaving the chow hall I observed the two offenders in question having a heated argument. I did witness them getting in each others face having words but that's as far as it went.

Dkt. 8-6.

The hearing officer found Ms. Shropshire guilty. Dkt. 8-4. In explaining her decision, the hearing officer stated only that she credited Lieutenant Cobb's statement that she saw the two inmates kissing on the mouth. *Id.* The hearing officer deprived Ms. Shropshire of 30 days' earned credit time and assessed a suspended sanction of another 30 days' earned credit time. *Id.*

In response to an administrative appeal, the appeal review officer modified Ms. Shropshire's charge from attempting sexual conduct to "disorderly conduct" in violation of Code B236. Dkt. 8-8. The appeal review officer stated simply that "the facts of the charged conduct more properly indicate a violation of code B236." *Id.* He did not explain what evidence led him to that conclusion or why. Ms. Shropshire's sanctions were not modified.

### III. Analysis

Ms. Shropshire's petition is meritorious and must be granted for two reasons. First, no evidence supports the appeal review officer's conclusion that Ms. Shropshire engaged in disorderly conduct. Second, Ms. Shropshire was not given sufficient notice of the disciplinary charge for which she ultimately was convicted and punished.

**A.      Sufficiency of Evidence**

Ms. Shropshire asserts that her conduct does not match the definition of the disciplinary offense for which she has been punished. This is an argument that her disciplinary conviction for disorderly conduct is not supported by sufficient evidence to satisfy due process.

A disciplinary conviction "need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat*, 288 F.3d at 981. "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added). *See also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

An inmate violates Code B236, "Disorderly Conduct," by "exhibiting conduct which disrupts the security of the facility or other area in which the offender is located." Dkt. 8-11 at § 236. Simply put, no evidence presented to the hearing officer or the final reviewing authority indicates that Ms. Shropshire disrupted prison security on February 16, 2019.

The only evidence of Ms. Shropshire's conduct is found in the four accounts provided by Lieutenant Cobb, Ms. Shropshire, and the two other inmates. Lieutenant Cobb's account states only that Ms. Shropshire kissed another inmate. The other three state that Ms. Shropshire argued with another inmate. None of the four provides any information whatsoever about how other inmates or the prison staff responded to Ms. Shropshire's conduct—much less information describing a disruption to prison security.

The respondent asserts that "[a] reasonable hearing officer could readily find that two offenders who are standing so close together that a correctional officer believed they were kissing, while engaged in a heated argument were being disorderly." Dkt. 8 at 10. But Code B236 requires more than a generic finding that conduct was "disorderly." Code B236 punishes conduct that "disrupts security." The respondent identifies no evidence that Ms. Shropshire's conduct disrupted security, and the Court finds none in the record. The conclusion the respondent advances would be based on speculation—not on evidence.

**B.     Sufficiency of Notice**

Ms. Shropshire also argues that the appeal review officer modified her disciplinary charge without sufficient notice. Due process requires that an inmate be given advanced "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d

4

909, 910 (7th Cir. 2003) (citations and quotation marks omitted). Due process permits the prison staff to later modify the inmate's charge—but only if the original notice included "all the information he needed to defend against the [amended] charge." *Northern*, 326 F3d. at 911.

Ms. Shropshire's modified charge was fundamentally different from the original. The elements of attempting to engage in sexual conduct do not include disrupting prison security or anything remotely close to it. *See* dkt. 8-11 at §§ 216, 240.

Moreover, none of the materials Ms. Shropshire received before her disciplinary hearing suggested that she disrupted prison security. Ms. Shropshire was provided with a conduct report alleging that she kissed another inmate and a screening report charging her with attempting to engage in sexual conduct. *See* dkts. 8-1, 8-2. Neither alleges that Ms. Shropshire disrupted prison security or even hints that she might be punished for doing so.

Had Ms. Shropshire known before her hearing that she was charged with disorderly conduct, she could have collected different evidence. Rather than asking witnesses to write statements strictly about whether she kissed another inmate, she might have asked them to share observations about how the prison staff and other inmates responded to her conduct. She might have asked to call Lieutenant Cobb to explain how prison security was disrupted and what facts supported that conclusion. At minimum, she might have addressed the issue of disrupting security in her own statement to the hearing officer.

The factual basis for Ms. Shropshire's attempted sexual conduct charge was not the same as the factual basis for the modified charge imposed by the appeal review officer. *See Northern*, 326 F.3d at 911. The notice she received did not permit her to "gather the relevant facts and prepare a defense" to the charge of which she was ultimately convicted. *Id.* at 910. The appeal review

5

officer's modification deprived Ms. Shropshire of due process and therefore entitles her to habeas relief.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Because Ms. Shropshire was denied due process in RIC 19-02-0347, her petition for a writ of habeas corpus is **granted**. Ms. Shropshire's disciplinary conviction must be **vacated** and her sanctions **rescinded**. Her earned credit time must be **immediately restored**, and her new release date must be calculated accordingly.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date:   5/1/2020

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

SHONDA SHROPSHIRE
260268
ROCKVILLE - CF
ROCKVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
811 West 50 North
Rockville, IN 47872

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL
benjamin.jones@atg.in.gov